UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKY L. WINTERS,

           Plaintiff,

                      DECISION AND ORDER

           -v-                            14-CV-6725L

OFFICE OF THE UNITED STATES ATTORNEY;
ERIC H. HOLDER, U.S. ATTORNEY GENERAL;
AUSA CHARLES MOYNIHAN; UNKNOWN AUSA;
ERIC T. SCHNEDERMAN, N.Y.S. ATTORNEY
GENERAL; OFFICE OF THE CAYUGA COUNTY
DISTRICT ATTORNEY; DISTRICT ATTORNEY
JON E. BUDELMANN; CADA CHRISTOPHER
VALDINA; ADA DIANE ADSIT;
ADA ROMOLO CANZANO; ADA BRIAN
BAUERSFELD and THOMAS LEONE, CAYUGA
COUNTY SUPREME COURT JUDGE;

           Defendants.
_____

       Plaintiff Ricky Winters commenced this action, *pro se*, seeking certain relief relating to his prior convictions on various criminal charges. On January 27, 2015, the Court issued a Decision and Order (14-CV-6725 Dkt. #3) directing the Clerk of the Court to file Winters's complaint as a motion under 28 U.S.C. § 2255 in his criminal case (08-CR-6226), dismissing plaintiff's complaint in part, and transferring his remaining claims to the Court of Appeals for the Second Circuit on the ground that the complaint amounted to a second or successive petition under 28 U.S.C. § 2255. Winters has filed a notice of appeal from that Order. (14-CV-6725 Dkt. #5.)

       Plaintiff has now submitted an application in his civil case for an "Order to Show Cause – Stay of Execution of Sentence." (14-CV-6725 Dkt. #8.) That application must be denied.

       First, this Court lacks subject matter jurisdiction over any claims relating to the matters on appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58-59 (1982) (per curiam) ("The filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Retirement Bd.*

*of the Policemen's Annuity and Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) ("The filing of a notice of appeal divests a district court of jurisdiction over the issues presented in the appeal").

Second, inasmuch as Winters's complaint constitutes a second or successive motion in the criminal case under § 2255, this Court has no subject matter jurisdiction over matters related to the motion. That is the very reason that the Court transferred the matter to the Court of Appeals in the first place. *See White v. Nash*, 67 Fed.Appx. 631, 634 (2d Cir. 2003) (district court lacked jurisdiction to address merits of second or successive § 2255 motion); *Minaya v. United States*, __ F.Supp.3d __, 2014 WL 4229993, at *1 (S.D.N.Y. Aug. 19, 2014) (district courts generally lack jurisdiction over successive § 2255 petitions).

Furthermore, the relief that Winters now seeks in his proposed Order to Show Cause relates to his conviction in New York State Supreme Court, Cayuga County, and to the sentence imposed by the state court. *See id.* at 4, 5.

Winters has completed his federal sentence, and is now in state custody pursuant to his state sentence; *see U.S. v. Winters*, 08-CR-6226, Dkt. #81 at 1 ¶ 1 (document filed by Winters stating that he has completed his federal sentence); *see also* Federal Bureau of Prisons Inmate Locator, *available at* www.bop.gov/inmateloc (indicating that Winters was released from federal custody on March 25, 2014). There is no basis, then, for the "stay of execution" of his federal sentence that Winters ostensibly requests here.

To the extent that Winters seeks to challenge his state court conviction or sentence, or any matters related thereto, his proper avenue for relief is either a proceeding in state court, or a federal habeas corpus proceeding under 28 U.S.C. § 2254. I express no opinion as to the availability of such relief, either procedurally or on the merits, other than to note that any habeas corpus petition under § 2254 would be subject to the preconditions for such relief, including the exhaustion of available state remedies. *See Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014).

**CONCLUSION**

Plaintiff's application for an "Order to Show Cause – Stay of Execution of Sentence" (Dkt. #8) is denied.  Plaintiff's "motion to take action" (Dkt. #9) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 10, 2015.